IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 118-010 |
| | ) | |
| LEROY ANTHONY WILLIAMS | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Leroy Anthony Williams is charged with one count of Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2250(a).  (Doc. no. 1.)  In the Joint Status Report, (doc. no. 19), the parties notified the Court they were unable to resolve the only motion filed, a motion to dismiss the indictment.  Because Defendant's motion did not comply with Local Criminal Rule 12.1 and neither side had provided any case law in support of their respective positions, the Court afforded Defendant an opportunity to particularize his motion in compliance with the Local Rules and the government an opportunity to file a supplemental response.  (See doc. no. 20.)  Having considered all arguments and evidence submitted by the parties, the Court **REPORTS** and **RECOMMENDS** the original and particularized motions be **DENIED** without an evidentiary hearing.  (Doc. nos. 15, 21.)

**I.      BACKGROUND**

The one-count indictment alleges:

On or about February 28, 2017, in Richmond County, within the Southern District of Georgia, the defendant, **LEROY ANTHONY WILLIAMS**, a person required to register under the Sex Offender Registration and Notification Act, traveled in interstate commerce and did

knowingly fail to register as required by law, in violation of Title 18 United States Code Section 2250(a).

(Doc. no. 1, p. 1.)

The charging statute provides:

**(a)** **In general.**- - Whoever - -

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian county; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

Defendant contends the indictment should be dismissed in its entirety because he was under the age of fourteen at the time of his crime and adjudication for the qualifying offense requiring registration under the Sex Offender Registration and Notification Act (SORNA). (Doc. no. 21.) Defendant maintains a person adjudicated delinquent as a juvenile must be fourteen years or older to be considered "convicted" and therefore subject to SORNA registration. (Id.) The government agrees Defendant was under the age of fourteen at the time of the qualifying offense but argues he was adjudicated guilty as an adult, not delinquent as a juvenile. (Doc. no. 24.) Therefore, Defendant is subject to the SORNA

registration requirement. However, the government maintains the motions to dismiss should be denied regardless of the substantive merit of the arguments because the indictment tracks the applicable statutory language and sufficiently apprises Defendant of the crime alleged.

## II.  DISCUSSION

Fed. R. Crim. P. 7(c)(1) requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." In the Eleventh Circuit, an indictment is sufficient if it: "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Walker, 490 F.3d 1282, 1296 (11th Cir. 2007) (citation omitted); see also United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985) (finding that an indictment satisfies constitutional requirements by informing a defendant of the charges against him and enabling the defendant to plead double jeopardy in case of future prosecution for the same offenses ).

The sufficiency of a criminal indictment is determined from its face and the charging language. United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006). "An indictment that tracks the language of the relevant statute is sufficient, as long as it also provides a statement of facts and circumstances that give notice of the offense to the accused." Walker, 490 F.3d at 1296 (citation omitted); see also United States v. Silverman, 745 F.2d 1386, 1392 (11th Cir. 1984) ("The accusation must be legally sufficient, i.e., it must assert facts which in law amount to an offense and which, if proved, would establish prima facie the accused's commission of that offense."(citations omitted)). Nevertheless, an indictment need

not "allege in detail the factual proof that will be relied upon to support the charges." United States v. Crippen, 579 F.2d 340, 342 (5th Cir. 1978)[1] (citations omitted).  The Court "may not dismiss an indictment . . . on a determination of facts that should have been developed at trial." Sharpe, 438 F.3d at 1263 (citation omitted).

As quoted above, the indictment tracks the language of the statute under which Defendant is charged.  Defendant knows he is charged with traveling in interstate commerce, on or about February 28, 2017, and failed to register as required by SORNA.  Defendant does not challenge that the indictment tracks the language of the statute, but instead challenges the sufficiency of the government's evidence.  However, the Court may not "look[] beyond the face of the indictment and rul[e] on the merits of the charges . . . ." United States v. Salman, 378 F.3d 1266, 1267 (11th Cir. 2004) (*per curiam*).

The Eleventh Circuit explains:

The district court's supervisory authority to dismiss indictments cannot be anchored to a kind of criminal summary judgment procedure. We recognize that our system of criminal procedure may result in legally meritless cases being sent to trial, but absent further legislative direction, it is not for the courts to filter which criminal cases may reach the trial stage by reviewing the proffered evidence in advance.

Id. at 1268-69; United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992) (*per curiam*) ("There is no summary judgment procedure in criminal cases.  Nor do the rules provide for a pre-trial determination of sufficiency of the evidence.").

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1081.

Arguments similar to those now raised by Defendant have been considered and rejected where, as here, the indictment tracks the language of SORNA but the accused claims he was not required to register as a sex offender.  See United States v. Miller, 694 F. Supp.2d 1259, 1267 (M.D. Ala. 2010).  The Court recommends denial of the motions to dismiss because (1) the indictment tracks the language of the charging statute and is sufficiently specific to put Defendant on notice of the charge brought against him, and (2) the Court cannot consider whether the government has a factually-sound case when ruling on Defendant's motions.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant's motions to dismiss be **DENIED** without an evidentiary hearing.  (Doc. nos. 15, 21.)

SO REPORTED and RECOMMENDED this 1st day of June, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA